# COURT OF ERRORS AND APPEALS.

~~~~~~~~~~

Between THE MAYOR AND COMMON COUNCIL OF JERSEY
CITY, appellants, and THE MORRIS CANAL AND BANK-
ING COMPANY, respondents.

Unless in cases entirely free from doubt, the Court of Appeals will not inter-
fere with the order of the Chancellor continuing an injunction until the final
hearing.

The questions involved in this case being of great importance, and it being
manifestly the interest of both parties that they should be deliberately heard
and finally decided, and the court being of opinion that the case was not free
from doubt—*held*, that the order of the Chancellor refusing to dissolve the
injunction should be sustained.

This was an appeal from an order of the Chancellor
continuing an injunction till final hearing. The opinion
of the Chancellor will be found in this volume, *ante* 227.

*R. McClelland* and *A. O. Zabriskie*, for appellants.

*I. W. Scudder* and *F. T. Frelinghuysen*, for respondents.

The opinion of the court was delivered by

GREEN, C. J. The object of the bill filed in this cause
is to avoid certain tax sales of real estate, made under the
corporate authority of Jersey City, for taxes assessed upon
the property of the canal company, claimed by them to be
exempt from taxation, to restrain the city authorities from
perfecting titles under those sales, and to restrain the city,
by perpetual injunction, from assessing for taxation all pro-

2 z*

perty of the canal company at Jersey City, possessed, occupied, and used by the canal company for the actual and necessary purposes of canal navigation. Upon the coming in of the answer, the defendants moved to dissolve the injunction, upon the ground that the case presented was not a proper subject of equity jurisdiction, and that the whole equity of the bill was denied by the answer. The Chancellor, by his order, denied the motion, and directed the injunction to be continued till the final hearing. From this order the defendants appealed.

This court, in the case of *Fleischman* v. *Young*, 1 *Stockt.* 622, expressed its view adversely to interfering with an order of the Court of the Chancery continuing an injunction till the final hearing, unless in cases entirely free from doubt. Whenever the Chancellor has regarded the case as one of so much doubt as to induce him to retain the injunction till final hearing, there is obvious propriety, in sustaining the order. Nothing is ordinarily gained to the cause of right or justice by reversing the order, which puts it entirely out of the power of the court, upon final hearing, to afford the relief sought by the complainants.

The questions involved in this case are of great importance, and it is manifestly the interest of both parties that they should be deliberately heard and finally decided. Without intimating any opinion upon either of the questions, which may be discussed upon the final hearing, the court are of opinion that they are not so free from doubt as to justify a dissolution of the injunction.

No prejudice can result from this course, except so far as it may prevent the city from assessing the property of the canal company during the pendency of the suit. To avoid this objection, the injunction should be so far modified as to permit taxes to be assessed upon so much of the property of the canal company as is claimed to be liable to taxation. The mere *assessment* of the taxes can produce no prejudice to the company, all further proceedings for their collection being enjoined.

The order of the Chancellor should be affirmed without costs.

Court unanimously concurs.

The order of the Chancellor was affirmed by the following vote :

*For affirmance*—CHIEF JUSTICE, Judges COMBS, HAINES, RISLEY, VAN DYKE, VREDENBURGH, WOOD, OGDEN, SWAIN, VALENTINE, WHELPLEY.